**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ROSE MARIE MCNEILL,<br>Plaintiff,<br>v.<br>STATE FARM FIRE AND CASUALTY COMPANY,<br>Defendant. | Civil Action No.<br>1:25-cv-06786-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Rose Marie McNeill's Motion to Amend the Complaint [ECF 13] and Motion to Remand [ECF 14], as well as State Farm Fire and Casualty Company's Motion to Dismiss for failure to state a claim [ECF 8] and Motion for Hearing [ECF 10]. For the following reasons, McNeill's motion to remand is **DENIED**, McNeill's motion to amend is **GRANTED**, State Farm's motion to dismiss is **DENIED as moot**, and State Farm's motion for a hearing is **DENIED as moot**.

## I. BACKGROUND

On September 26, 2025, McNeill filed this suit in the State Court of Gwinnett County, Georgia.[1] McNeill's original Complaint asserted one claim for breach of contract, alleging that State Farm breached an insurance policy (the Policy) between the parties when it failed to cover property loss McNeill sustained from

1 ECF 1, at 22–26.

a September 2024 storm.[2] McNeill sought $83,347.50 in damages, an unspecified amount in interest pursuant to O.C.G.A § 13-6-13, and bad faith damages and attorney's fees pursuant to O.C.G.A. § 33-4-6.[3]

State Farm removed the case on November 25, 2025.[4] On January 26, 2026, it moved to dismiss for failure to state a claim and sought a hearing on the motion.[5] State Farm asserts that McNeill failed to identify the particular contractual provisions breached and that the bad faith count lacks any factual basis.[6]

On May 21, McNeill filed a motion to amend the complaint and a motion to remand.[7] In the proposed amended complaint, McNeill reduced and capped the damages sought to $74,999, maintained her request for interest, and omitted her request for bad faith damages and attorney's fees.[8]

---

2 *Id.* at 22. The parties do not dispute that the Policy was in effect on the date of the property loss. ECF 6, at 4.

3 ECF 1, at 10–11.

4 ECF 1, at 2 ¶ 2. State Farm's notice of removal was timely under 28 U.S.C. § 1446(b) and (c).

5 ECFs 8, 10.

6 ECF 8-1, at 6–7.

7 ECFs 13, 14.

8 ECF 13-1, at 1, 3–5.

## II. THE MOTION TO REMAND

Federal courts possess limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A civil action originally filed in state court can be removed to the federal district court embracing the state court if the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims."). A federal district court has original jurisdiction over, among other things, "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332. State Farm removed this case by invoking the Court's diversity jurisdiction under this provision. The party seeking removal "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The amount in controversy is measured "on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal." *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010). In a notice of removal, the removing party need only provide "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a)).

However, when a non-removing party contests the amount in controversy, the removing party must show that the amount in controversy is met by a preponderance of the evidence. *Owens*, 574 U.S. at 89 (citing 28 U.S.C. § 1446(c)(2)(B)). The court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiff, non-sworn letters submitted to the court, or other summary judgment-type evidence. *Sutherland v. Glob. Equip. Co.*, 789 F. App'x 156, 162 (11th Cir. 2019) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

The parties do not dispute that complete diversity is met, and the Court is independently satisfied that the parties are of diverse citizenship.[9] The only issue raised by McNeill's motion to remand is whether the amount in controversy is satisfied. The Court concludes that State Farm has carried its burden.

In the notice of removal, State Farm asserts that the amount in controversy exceeds $75,000 because the original complaint expressly seeks $83,347.50.[10] McNeill does not address this argument in the motion to remand, relying solely

---

9 The notice of removal indicates that, at the time of filing, McNeill was a citizen of Georgia, and that State Farm was a foreign corporation incorporated in Illinois and with its principal place of business in Illinois. ECF 1, ¶¶ 3–4; ECF 2, ¶ 1.

10 ECF 1, ¶ 6.

on the proposed amended complaint included in her motion to amend, which stipulates that the amount in controversy is capped at $74,999.

McNeill ignores the well-settled rule that the amount in controversy is determined, for removed cases, at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016). "The Supreme Court has explicitly noted that even when a plaintiff, 'after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount,' that decrease 'does not deprive the district court of jurisdiction.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). As such, for purposes of determining the amount in controversy at the time of removal, the Court must look to McNeill's original complaint. Because McNeill's original complaint sought damages of $83,347.50—in addition to interest, bad faith damages, and attorney's fees—the amount-in-controversy requirement is satisfied.

**III. THE MOTION TO AMEND**

Pursuant to Fed. R. Civ. P. 15(a), a party may amend her complaint only by leave of court or with written consent of the adverse party if it has been more than 21 days since service of the responsive pleading or motion, as is the case here. "Rule 15(a) gives district courts 'extensive discretion' to decide whether to allow a party to amend a complaint." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (quoting *Hargett v. Valley Fed. Sav. Bank,* 60 F.3d 754, 761 (11th Cir. 1995)).

However, the Rule also requires that courts "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that, in the absence of reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment, the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

McNeill's proposed amended complaint, attached to her motion for leave to amend, makes three material changes: (1) limiting the damages sought, as described above; (2) adding specific provisions from the Policy to the breach of contract count; and (3) removing the bad faith count.[11] State Farm opposes McNeill's motion, claiming it is a "dilatory tactic that would delay the progress of legal proceedings and prejudice defendant."[12]

"[G]enerally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint." *Hester v. Int'l Union of Operating Eng'rs, AFL-CIO*, 941 F.2d 1574, 1578–79 (11th Cir. 1991) (citing *Floyd v. E. Airlines, Inc.*, 872 F.2d 1462, 1490 (11th Cir. 1989), *rev'd on other grounds*, 499 U.S. 530 (1991)). By and large, "Eleventh Circuit cases upholding denials of leave to amend based on undue delay involve delays measured in years and/or extending beyond key

---

11 ECF 13-1, ¶¶ 5, 21–22.

12 ECF 17-1, at 3.

deadlines." *Williams v. Select Portfolio Servicing, Inc.*, 2016 WL 9450469, at *5 (N.D. Ga. Dec. 20, 2016); *see also Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citation omitted) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."). Further, the Eleventh Circuit finds undue delay where an amendment delays trial by re-opening the pretrial process in the late stages of litigation. *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1319 (11th Cir. 1999) (citing *Nolin v. Douglas Cnty.*, 903 F.2d 1546, 1551 (11th Cir. 1990)) (finding undue delay where an amendment after full trial preparation would re-open the pretrial process and delay trial).

This case is in the early stages of litigation, and the motion for leave to amend was filed in conjunction with McNeill's response to the motion to dismiss, albeit approximately three months' late.[13] Further, the amendment does not add a new claim or widen the scope of discovery—to the contrary, it removes counts, thereby narrowing the scope of discovery. For these reasons, the Court finds that

13 Although undersigned does not take missed filing deadlines lightly, counsel for McNeill explained that the delay was caused by administrative errors and a clerical oversight. Even if State Farm's motion to dismiss had been granted prior to McNeill's untimely response, the dismissal would have invariably been without prejudice at this stage, so McNeill would have had the opportunity to refile what is currently her proposed Amended Complaint in any event.

the amendment is not dilatory or prejudicial. Accordingly, McNeill's motion for leave to amend is granted.

## IV. THE MOTION TO DISMISS

### A. Legal Standard

To withstand a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). A complaint is plausible on its face when a plaintiff pleads facts sufficient for the Court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir.

2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

**B. Discussion**

State Farm's motion to dismiss argues that McNeill fails to state a claim for breach of contract because she does not allege a particular contractual provision that State Farm breached and that she fails to state a claim for recovery of bad faith damages.[14] Because McNeill has dropped the bad faith count and has added more allegations to her breach of contract claim, State Farm's motion to dismiss is mooted by amendment.

Even if the motion were not mooted as to the breach of contract claim, State Farm's arguments fail. Georgia law requires a breach-of-contract claimant to allege (1) the existence of a valid contract; (2) material breach of its terms; and (3) damages arising therefrom. *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1295 (N.D. Ga. 2015). The amended complaint alleges that State Farm breached the Policy by failing to pay for a covered loss.[15] A claimant asserting a breach of contract claim need not identify the precise contractual provision the defendant allegedly breached—a breach-of-contract claimant need only "make a plausible allegation that the defendant did not perform as promised." *Caterpillar*

---

14 ECF 8-1.

15 ECF 13, at 8–9.

*Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, 147 F.4th 1341, 1348 (11th Cir. 2025). And, in any event, the amended complaint amplifies the breach allegations by identifying specific provisions from the Policy that State Farm purportedly violated. As such, the motion to dismiss is denied.

## V. CONCLUSION

McNeill's motion to remand [ECF 14] is **DENIED**, and her motion to amend [ECF 13] is **GRANTED**; State Farm's motions to dismiss and for a hearing [ECFs 8, 10] are **DENIED as moot**. State Farm is **ORDERED** to file an answer to the Amended Complaint within 14 days after entry of this Order. The parties are **ORDERED** to submit their Joint Preliminary Report and Discovery Plan within 30 days of this Order. Discovery shall commence upon the filing of the Joint Preliminary Report.

The Clerk is **DIRECTED** to submit this Order to undersigned after 30 days.

**SO ORDERED** this 23rd day of September, 2026.

Steven D. Grimberg
United States District Judge